IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH A. KURTZ, | |
| Plaintiff, | 8:18CV243 |
| vs. | |
| GINA BALDWIN, MITCHELL, and JASON BALDWIN, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff Joseph A. Kurtz, a frequent filer in this court, filed his Complaint on June 4, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Kurtz's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Kurtz alleges that he purchased a "touch pad phone" on April 15, 2018, and he had the phone only fifteen hours before it went missing from his apartment. (Filing No. 1 at CM/ECF p.6.) He reported the missing phone to the police and purchased a replacement "flip up phone." (*Id.*) Kurtz complains that this is the third phone he has had with the same phone number and he now receives "phone harassing." (*Id.*) He seeks help to end the harassment as well as $500 in damages from the Defendants.

## II. APPLICABLE LEGAL STANDARDS ON IN INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court

must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

In evaluating Kurtz's claims, the court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Kurtz alleges that the basis for the court's jurisdiction is a federal question. (*See* Filing No. 1 at CM/ECF p.3.) However, as

discussed below, it is apparent from the Complaint that the court lacks subject matter jurisdiction and this action must be dismissed.

**A. Federal Question**

Subject-matter jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Courts have held that a private party's actions can be considered state action, or actions under color of state law, if the private party is a willful participant in joint activity with the State to deny constitutional rights. *See Magee v. Tr. of Hamline Univ, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014).

Here, Kurtz does not set forth any allegation that could be liberally construed to violate any federal statute. Moreover, even construing the Complaint liberally, it simply does not contain allegations reasonably suggesting Defendants violated Kurtz's constitutional rights while acting under color of state law. Accordingly, Kurtz's allegations do not establish that federal question jurisdiction exists in this matter.

**B. Diversity of Citizenship Jurisdiction**

Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the

citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Kurtz has alleged an amount in controversy far below the requisite $75,000.00 amount. Also, Kurtz has provided a Nebraska address for himself and Nebraska addresses for all three of the Defendants. (*See* Filing No. 1 at CM/ECF p.2.) As a result, the Complaint's allegations fail to establish that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

**C. Conclusion**

As this court has previously acknowledged, Kurtz has a history of suing private citizens for perceived wrongs, and he has been informed on numerous occasions that jurisdiction must be proper in order for a case to proceed in this court. See, e.g., *Kurtz v. Doe*, 8:15CV331; *Kurtz v. Miller*, 8:14CV139; *Kurtz v. France*, 8:14CV117; *Kurtz v. Maryland*, 8:13CV170; *Kurtz v. Akins*, 8:08CV83. Despite repeated explanations of the jurisdictional requirements for filing suit in this court, Kurtz has again filed an action without any discernible basis for this court's jurisdiction. Accordingly, the court will dismiss Kurtz's action for lack of subject matter jurisdiction without giving him an opportunity to file an amended complaint because to do so would be futile.

IT IS THEREFORE ORDERED that Plaintiff's Complaint (filing no. 1) is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 5th day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge